IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OTIS DESANUEL MITCHELL-BEY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-2244 |
| : | |
| PRIME CARE, : | |
|     Defendant. : | |

## MEMORANDUM

SÁNCHEZ, J.                                                                                                  AUGUST 27, 2025

Plaintiff Otis Desanuel Mitchell-Bey, a convicted prisoner incarcerated at SCI Chester, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting claims against PrimeCare Medical ("PrimeCare") arising from events that occurred at the Montgomery County Correctional Facility ("MCCF"). Mitchell-Bey also filed a Motion for Leave to Proceed *In Forma Pauperis* and Prisoner Trust Fund Account Statement (ECF Nos. 1, 7). Because it appears Mitchell-Bey is unable to pay the fees necessary to commence this civil action, the Court will grant him leave to proceed *in forma pauperis*. Upon review of Mitchell-Bey's Complaint ("Compl." (ECF No. 2)), the Court will dismiss his constitutional claims without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss his state law claims without prejudice for lack of subject matter jurisdiction. Mitchell-Bey will be granted leave to file an amended complaint.

I.      **FACTUAL ALLEGATIONS**[1]

Mitchell-Bey's claims arise primarily from the medical care he received while at MCCF. Mitchell-Bey alleges that in September 2024, he was placed on a medical unit at that facility. (Compl. at 2.) While on the medical unit, he was not permitted to work. (*Id.*) Additionally, in October 2024, and February 2025, he was unable to obtain his prescription glasses. (*Id.*) He alleges that since he entered MCCF on August 15, 2024, "the Doctor" will not provide him with Catapress, Benadryl, or Klonopin. (*Id.*) Instead, his medications have been switched, as many as five times. (*Id.*) Additionally, until a January 5, 2025 appointment at Will's Eye, he received "bad" medication for his glaucoma. (*Id.*) Mitchell-Bey also alleges that he has been denied a special diet for his bleeding ulcer and, as a result, passes blood in his stool. (*Id.* at 6.) Mitchell-Bey claims that he now has damaged corneas, sensitive and dry eyes, high blood pressure, and has been denied his tinted prescription glasses.

Mitchell-Bey asserts violations of his Eighth Amendment rights and related breach of contract and negligence claims against PrimeCare. (*Id.* at 5.) As relief, he seeks return to his previous medical regimen (Catapress, Benadryl, and Klonopin), appropriate tinted prescription glasses, a special diet, and the ability to return to work. (*Id.*) He also seeks money damages. (*Id.*)

---

[1] The factual allegations set forth in this Memorandum are taken from Mitchell-Bey's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Mitchell-Bey's pleading will be corrected for clarity.

## II.     STANDARD OF REVIEW

The Court will grant Mitchell-Bey leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Mitchell-Bey is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  *See also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to

---

[2] Because Mitchell-Bey is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

3

identify any possible claim that the facts alleged could potentially support."). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Vogt*, 8 F.4th at 185.

Additionally, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

### A.    Constitutional Claims

Mitchell-Bey's Complaint is best understood as asserting claims based on deliberate indifference to his serious medical needs.[3] The vehicle by which federal constitutional claims

---

[3] The publicly available docket in *Commonwealth v. Mitchell*, CP-46-CR-5179-2024 reflects that on June 2, 2025, Mitchell-Bey was convicted on drug related charges. Thus, he was a pretrial detainee at the time of the events described in the Complaint, and his claims are governed by the Fourteenth Amendment. However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (*per curiam*); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care). Moreover, in light of the Court's disposition of Mitchell-Bey's claims, the applicable standard is not relevant.

may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

Mitchell-Bey asserts his claims against PrimeCare only. PrimeCare is a private contractor that provides healthcare services at MCCF. A private corporation under contract to provide medical services at a jail or prison may be liable under § 1983 in certain circumstances. The United States Court of Appeals for the Third Circuit has held that "a private health company

---

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

While Mitchell-Bey refers to his inability to work while he was assigned to the medical unit, and requests the ability to return to work in his prayer for relief, the loss of prison employment does not give rise to a constitutional claim, because inmates do not have a constitutional right to employment during incarceration. *See Watson v. Sec'y Pa. Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014) (*per curiam*) ("Inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection." (citing *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989))); *Fiore v. Holt*, 435 F. App'x 63, 68 (3d Cir. 2011) (*per curiam*) ("[P]risoners enjoy no protected interest in prison employment."). Accordingly, to the extent Mitchell-Bey seeks to asserts a constitutional claim based on the loss of his prison employment, the claim is not plausible.

providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (applying the standard of *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) to claims against medical contractor)). Rather, in order to hold a private health care company like PrimeCare. liable for a constitutional violation under § 1983, Mitchell-Bey must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted). Generalized allegations of inadequate care fail to state a claim where, as in this case, the Complaint does not allege a constitutional violation attributable to PrimeCare's policies or customs. *See Brown v. Delaware Cnty. Prison Bd. of Inspectors*, 741 F. App'x 135, 138 (3d Cir. 2018) (*per curiam*) ("Brown's vague and conclusory allegation that the defendants had a policy or custom of 'fail[ing] to provide an adequate level of security staffing,' is insufficient to state a claim.").

A plaintiff may also state a basis for liability against an entity like PrimeCare by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). In the context of a contract medical provider, the

6

provider's "failure to train or supervise must amount to a policy or custom in disregard of an obvious risk that its employees or agents would commit constitutional violations." *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 526 (M.D. Pa. 2017), *aff'd in part, vacated in part on other grounds sub nom. Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019).

Mitchell-Bey does not allege that any of the decisions pertaining to his care were made based on PrimeCare's policies or customs. Additionally, he does not allege that any failure to supervise or train resulted in the violations he describes. Mitchell-Bey's claims against PrimeCare, accordingly, are not plausible and will be dismissed. He will be granted leave to amend these claims. If he chooses to file an amended complaint, Mitchell-Bey is encouraged to identify any individuals who delayed, denied or prevented him from receiving care, or participated in any of the events described in his Complaint. If he does not know the names of the individuals involved, he may refer to the individuals as John Doe and include as much identifying information as possible.

### B. State Law Claims

Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims Mitchell-Bey seeks to assert. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any

7

defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. See 28 U.S.C. § 1332(c). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Mitchell-Bey does not allege the citizenship of the parties. Rather, he provides only the address of MCCF for both himself and PrimeCare. (Compl. at 1-2.) Accordingly, Mitchell-Bey has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. These claims will be dismissed, and Mitchell-Bey will be granted leave to amend them.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mitchell-Bey leave to proceed *in forma pauperis*, dismiss his constitutional claims without prejudice for failure to state a claim, and dismiss his state law claims for lack of subject matter jurisdiction. He will be granted leave to

8

file an amended complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.

**BY THE COURT:**


/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, J.**